IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.      Admits that Roy Smith is a former employee of the Department of Veterans Affairs (VA) who worked for a Veterans Canteen Service (VCS) restaurant and retail store, in Texas.  Admits that Mr. Smith was paid a salary.  Denies that Mr. Smith worked as a "General Manager in Training."  Avers that Mr. Smith worked as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)."  Denies that any others are "similarly situated" to Mr. Smith for lack of knowledge, and because "similarly situated" is not defined in the complaint, and the complaint does not identify any others who are "similarly situated."  Denies that plaintiff is entitled to relief as set forth in paragraph 1.  The remainder of the allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of his case, to which no answer is required.

2.      Denies that any others are "similarly situated" to Mr. Smith for lack of knowledge, and because "similarly situated" is not defined in the complaint, and the complaint does not identify any others who are "similarly situated."  Denies that plaintiff is entitled to relief

as set forth in paragraph 2.  The remainder of the allegations contained in paragraph 2 are plaintiff's characterization of his case, to which no answer is required.

3.      The allegations contained in paragraph 3 are conclusions of law, to which no answer is required.

4.      Admits that VCS engages in commerce.  The remainder of the allegations in paragraph 4 are conclusions of law, to which no answer is required.

5.      Denies that any others are "similarly situated" to Mr. Smith for lack of knowledge, and because "similarly situated" is not defined in the complaint, and the complaint does not identify any others who are "similarly situated."  Denies that Mr. Smith "regularly" worked more than 40 hours per week for lack of knowledge, and because "regularly" is not defined in the complaint.  Avers that on at least one occasion, Mr. Smith worked for more than 40 hours in a one-week period.

6.      Denies that any others are "similarly situated" to Mr. Smith for lack of knowledge, and because "similarly situated" is not defined in the complaint, and the complaint does not identify any others who are "similarly situated."  Admits that while Mr. Smith worked for VCS, he did not receive additional compensation for those weeks during which he worked for more than 40 hours.  Denies that defendant made "no provisions" to pay Mr. Smith for any hours worked in excess of 40 hours per week.  Avers that Mr. Smith was paid a salary, and that salary was intended to compensate Mr. Smith for all hours worked.  The remainder of the allegations in paragraph 6 are conclusions of law to which no answer is required.

7.      Admits that while Mr. Smith worked for VCS, he did not receive additional compensation for those weeks during which he worked for more than 40 hours.  Admits that Mr. Smith was paid a salary.  Avers that Mr. Smith's salary was intended to compensate him for

all hours worked.  Admits that while Mr. Smith worked for VCS, his position was classified as

exempt from the Fair Labor Standards Act (FLSA).  The remainder of the allegations in

paragraph 7 are conclusions of law to which no answer is required.

8.      The allegations contained in paragraph 8 are conclusions of law to which no

answer is required.

9.      Admits that VCS possesses some records concerning amounts paid to Mr. Smith.

Denies that the records possessed by VCS are the "full" records, for lack of knowledge.  Denies

that VCS possesses records of the number of hours worked by Mr. Smith, for lack of knowledge.

Avers that Mr. Smith did not use a "time punch clock" or similar device to record the precise

times he began and finished work.  Denies that any others are "similarly situated" to Mr. Smith

for lack of knowledge, and because "similarly situated" is not defined in the complaint, and the

complaint does not identify any others who are "similarly situated."

10.     Denies that Mr. Smith's notice of consent to join this lawsuit was filed

contemporaneously with the complaint.  Avers that the complaint was filed on March 4, 2013,

and ten days later, on March 14, 2013, Mr. Smith filed a "Notice Of Filing Notice Of Consent To

Join" and attached a document titled "Notice Of Consent."

11.     Defendant's responses to paragraphs 1 through 10 are incorporated by reference.

12.     Denies that any others are "similarly situated" to Mr. Smith for lack of

knowledge, and because "similarly situated" is not defined in the complaint, and the complaint

does not identify any others who are "similarly situated."  Denies that Mr. Smith "regularly"

worked overtime hours for lack of knowledge, and because "regularly" is not defined in the

complaint.  Avers that on at least one occasion, Mr. Smith worked more than 40 hours in a one-

week period.  Admits that Mr. Smith was paid a salary.  Admits that Mr. Smith was not paid

3

more for time worked in excess of 40 hours per week.  Denies that Mr. Smith's salary was intended to compensate him for a maximum of 40 hours of work per week.  Avers that Mr. Smith's salary was intended to compensate him for all hours worked.  The remainder of the allegations in paragraph 11 are conclusions of law to which no answer is required.

13.     Denies that any others are "similarly situated" to Mr. Smith for lack of knowledge, and because "similarly situated" is not defined in the complaint, and the complaint does not identify any others who are "similarly situated."  The remainder of the allegations contained in paragraph 13 are conclusions of law to which no answer is required.

14.     The allegations contained in paragraph 14 are conclusions of law to which no answer is required.

15.     The demand for a trial by jury made in paragraph 15 does not require an answer.

16.     The allegations contained in paragraph 16 are conclusions of law to which no answer is required.

17.     Denies that plaintiff is entitled to relief as set forth in the prayer for relief immediately following paragraph 16, or to any relief whatsoever.

18.     Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

19.     Plaintiff received full payment under all applicable statutes and regulations for all of the hours which he worked.

20.     Plaintiff is exempt or was determined in good faith to be exempt from the overtime pay provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

21.     To the extent that defendant violated the terms of the FLSA, its violations occurred notwithstanding its good faith efforts to comply with the terms of the FLSA.

22.     To the extent that defendant violated the terms of the FLSA, its violation was not willful.

23.     To the extent that defendant violated the terms of the FLSA, its violations were in good faith conformity with and in reliance upon the written administrative regulations, orders, rulings, approvals or interpretations of the VA and the administrative regulations of the Office of Personnel Management, the agency designated to administer the FLSA with respect to Federal employees.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

 s/ Reginald T. Blades
REGINALD T. BLADES
Assistant Director

 s/ Joshua A. Mandlebaum

OF COUNSEL:

PAUL PETRABORG
Staff Attorney
Department of Veterans Affairs
St. Louis, Missouri

JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 305–3091
Fax:  (202) 514-8624

May 3, 2013

Attorneys for Defendant