IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | | |
|---|---|---|---|
| ROY SMITH, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 13-161C | |
| | ) | (Judge Wolski) | |
| THE UNITED STATES, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## DEFENDANT'S STATUS REPORT

Defendant, the United States, respectfully submits the following status report to notify the Court that we intend to take different positions than we indicated in the joint preliminary status report (JPSR), filed June 24, 2013.

Regarding joinder, we indicated in the JPSR that we would not oppose conditional certification of a collective action to join additional consenting plaintiffs who worked for a Veterans Canteen Service restaurant and retail store as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" at any point within the relevant statute-of-limitations period. We also reserved the right to move to decertify any joined plaintiffs from the collective action if we identified a basis to do so. Joint Preliminary Status Report (JPSR) at ¶ (f) (attached).

Upon further factual investigation, we no longer believe it would be correct to conditionally certify a collective action to join any additional consenting plaintiffs who meet the conditions listed above. We would not oppose conditional certification of a collective action to join additional consenting plaintiffs who meet the conditions listed above, and who were supervised by Roy Smith's supervisor, Ms. Deidra Cargill. We discussed this matter with

counsel for Roy Smith on July 23, 2013.  Counsel for Mr. Smith indicated that Mr. Smith objects to our change in position and believes that we should be bound by the JPSR.

Regarding jurisdiction, in the JPSR we indicated that we were not aware of a basis upon which to challenge the Court's jurisdiction.  JPSR at ¶ (a).  We have now become aware of a basis to challenge the Court's jurisdiction, and we intend to file a motion to transfer this case to United States District Court.  We anticipate filing the motion on or before August 2, 2013.  We discussed this matter with counsel for Roy Smith on July 23, 2013.  We will continue to discuss this matter with counsel for Mr. Smith in order to determine whether Mr. Smith will oppose our anticipated motion.

        Respectfully submitted,

        STUART F. DELERY
        Acting Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        /s/ Reginald T. Blades, Jr.
        REGINALD T. BLADES, JR.
        Assistant Director

        /s/ Joshua A. Mandlebaum
        JOSHUA A. MANDLEBAUM
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        P.O. Box 480
        Ben Franklin Station
        Washington, D.C. 20044
        Tele: (202) 305–3091
        Fax:  (202) 514-8624

July 24, 2013        Attorneys for Defendant

APPENDIX

INDEX TO APPENDIX

Joint Preliminary Status Report, filed June 24, 2013...........................................................................1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROY SMITH,                              )<br>                                                 )<br>            Plaintiff,                      )<br>                                                 )<br>    v.                                          )            No. 13-161C<br>                                                 )            (Judge Wolski)<br>THE UNITED STATES,                )<br>                                                 )<br>            Defendant.                  )  | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Roy Smith, and defendant, the United States, respectfully submit the following joint preliminary status report:

**a.  Jurisdiction**

Plaintiff states that this Court possesses jurisdiction to entertain this action pursuant to 5 U.S.C. § 8715; 28 U.S.C. §§ 1346(a)(2), 1361, 1491, 2501, 2516, 2517; 29 U.S.C. § 216(b); and 28 U.S.C. §§ 2201 *et seq*.  Defendant is not aware at this time of any basis upon which to challenge the Court's jurisdiction.

**b.  Consolidation**

The parties agree that this case should not be consolidated with any other case.

**c.  Bifurcation**

The parties do not see a need for bifurcation at this time.  If, as discovery proceeds, the parties find that bifurcation may be helpful to the efficient resolution of this matter, they will so advise the Court.

**d.** **Deferral**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e.** **Remand/Suspension**

The parties do not intend to seek a remand or suspension at this time.

**f.** **Joinder**

Plaintiff anticipates that additional plaintiffs will consent to join this case. Defendant does not oppose conditional certification of a collective action to join additional consenting plaintiffs who worked for a Veterans Canteen Service restaurant and retail store as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" at any point within the relevant statute-of-limitations period. Defendant reserves the right to move to decertify any joined plaintiffs from the collective action if defendant identifies a basis to do so. A proposed schedule to effect joinder is provided below along with the proposed discovery schedule.

**g.** **Dispositive Motions**

One or both parties may submit a motion for summary judgment under RCFC 56 following the close of discovery.

**h.** **Relevant Issues**

The parties state that relevant issues include:

1. Whether plaintiff should be classified as an exempt or non-exempt employee under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.

2. The number of hours that plaintiff spent in training.

3. What portion of plaintiff's time spent in training constituted "hours of work" pursuant to 5 C.F.R. § 551.423.

  4. The number of hours that plaintiff spent performing productive work while in training.

  5. What portion of plaintiff's time spent in training was scheduled in advance of administrative workweeks, for a specified number of hours.

  6. Whether plaintiff is entitled to back pay.

  7. Whether plaintiff is entitled to liquidated damages.

 **i.** **Settlement**

The parties cannot at this time predict the likelihood of settlement. As the case proceeds, the parties may enter into settlement discussions.

 **j.** **Trial**

In the absence of a settlement or disposition of the case through pretrial motions, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling.

Consistent with the discovery plan outlined below, the parties request that the Court order that discovery, dispositive motions, and, if necessary, trial proceed first as to a small group of representative plaintiffs.

 **k.** **Electronic Case Management**

There are no special issues regarding electronic case management needs.

 **l.** **Additional Information**

There is no additional information of which the Court should be aware at this time.

 **m.** **Proposed Discovery Plan**

The parties propose the following schedule:

1. Initial disclosures related to plaintiff will be exchanged on or before June 27, 2013.

2.     On or before August 9, 2013, plaintiff will file a motion to authorize notice. The motion will include, as an attachment, a form to be sent to potential additional plaintiffs. Before plaintiff files the motion, the parties will confer in an effort to agree upon the content of the form. The form will ask potential plaintiffs for written consent to become a party plaintiff, as well as other information that will assist the parties in resolving this dispute. Plaintiff's motion will also request the Court to order that, within 45 days from the date that the Court authorizes notice, defendant must provide plaintiff with known names and addresses of all persons who worked for a Veterans Canteen Service restaurant and retail store as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" at any point within the three-year period preceding the date that the Court authorizes notice.

The remainder of this proposed schedule assumes that the Court will grant plaintiff's motion.

3.     Plaintiff shall mail the approved notice forms within 10 days after receiving from defendant the names and addresses described above.

4.     Plaintiff must provide defendant with a copy of any returned form within 10 days of receiving it.

5.     No later than 90 days after receiving names and addresses from defendant, plaintiff shall file any returned consent forms for all additional plaintiffs who wish to join this action. After that date, no additional plaintiffs will be permitted to join this action.

6.     The parties will then confer and attempt to agree upon a group of plaintiffs to serve as representatives for purposes of discovery, dispositive motions, and, if necessary, trial. No later than 45 days after the deadline for filing consent forms, the parties shall file either a joint motion to approve representative plaintiffs, or a joint status report. If the parties file a joint

motion to approve representative plaintiffs, that motion will propose a discovery schedule relating to the representative plaintiffs.  Fact discovery related to other plaintiffs shall be deferred.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | STUART F. DELERY<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  |  /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
|  /s/ C. Ryan Morgan<br>C. RYAN MORGAN, ESQ.<br>FLBN:  0015527<br>MORGAN & MORGAN, P.A.<br>20 N. Orange Ave., 14th Floor<br>P.O. Box 4979<br>Orlando, FL 32802-4979<br>Tele:  (407) 420-1414<br>Fax:   (407) 245-3401<br>rmorgan@forthepeople.com<br><br>Attorney for Plaintiff |  /s/ Joshua A. Mandlebaum<br>JOSHUA A. MANDLEBAUM<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tele: (202) 305–3091<br>Fax:  (202) 514-8624<br><br>OF COUNSEL:<br><br>PAUL PETRABORG<br>Staff Attorney<br>Department of Veterans Affairs<br>St. Louis, Missouri |
| June 24, 2013 | Attorneys for Defendant |