IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO TRANSFER

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims,

defendant, the United States, respectfully requests that the Court transfer plaintiff, Roy Smith's

complaint to the Waco Division of the United States District Court for the Western District of

Texas because this Court does not possess subject matter jurisdiction to entertain Mr. Smith's

complaint.  Counsel for Mr. Smith has indicated that Mr. Smith opposes this request.

## STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction to entertain plaintiff's claims pursuant to the

Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* because that Act imposes monetary

liability and has its own judicial remedies and, thus, the Tucker Act, 28 U.S.C. § 1491, is

displaced as a source of jurisdiction.

## STATEMENT OF THE CASE

I.    Nature Of The Case And Statement Of Facts[1]

The Veterans Canteen Service (VCS) operates restaurants and retail stores, called

"canteens," within facilities of the Department of Veterans Affairs.  38 U.S.C. § 7801.

---

[1] For purposes of this motion only, we accept as true the factual allegations in the
complaint.  We reserve the right to contest each and every factual allegation in the complaint that
we did not expressly admit in our answer.

Mr. Smith previously worked for a VCS canteen in Temple, Texas, as a "General Manager in Training," until his employment there was terminated.  *See* Complaint (Comp.), ¶ 1.  Mr. Smith seeks alleged unpaid overtime compensation and other relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and seeks to bring this action on behalf of any others who are similarly situated to him.  Comp., ¶¶ 1-2.  Mr. Smith demands a trial by jury.  Comp., ¶ 15.

II.    Course Of Proceedings

The complaint was filed on March 4, 2013, and we filed our answer on May 3, 2013.  On June 24, 2013, the parties filed the joint preliminary status report.  On June 24, 2013, the Court issued a scheduling order.  On July 24, 2013, the Government filed a status report.

SUMMARY OF THE ARGUMENT

This Court does not possess jurisdiction to entertain Roy Smith's claims pursuant to the FLSA.  The Tucker Act, the only possible source of this Court's jurisdiction in this case, was created to provide a remedy when statutes impose monetary liability upon the United States but do not themselves provide remedies.  When a law imposing monetary liability contains its own judicial remedies, however, the Tucker Act does not apply.  *United States v. Bormes*, 133 S. Ct. 12 (2012), and cases cited therein.

The FLSA establishes liability, a cause of action, a measure of damages, and an applicable statute of limitations.  Moreover, it expressly authorizes judicial review.  Because the FLSA provides the accoutrements of a judicial action, the liability that Congress intended to create can be determined from only the text of the FLSA, and the Tucker Act is displaced.  As a result, this Court does not possess jurisdiction to entertain Mr. Smith's claims.

ARGUMENT

I.    Standard of Review

"Subject matter jurisdiction is a threshold matter that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *PODS, Inc. v. Porta Stor, Inc*., 484 F.3d 1359, 1365 (Fed. Cir. 2007)).  When deciding a motion to dismiss based upon lack of subject matter jurisdiction, the "allegations of the complaint should be construed favorably to the pleader." *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed. Cir. 1989).  Nonetheless, plaintiff bears the burden of establishing jurisdiction.  *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Reynolds v. Army & Air Force Exch. Serv*., 846 F.2d 746, 748 (Fed. Cir. 1988). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed."  *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and "consent to be sued must be construed strictly in favor of the sovereign and not enlarged . . . beyond what the language requires."  *United States v. Nordic Village, Inc*., 503 U.S. 30, 33-34 (1992) (citations, brackets, and internal quotation marks omitted).  A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed."  *INS v. St. Cyr*, 533 U.S. 289, 299 n.10 (2001).

II.     This Court Does Not Possess Jurisdiction To Entertain Mr. Smith's FLSA Claims

Like its predecessor, the United States Court of Claims, this is a Court of limited jurisdiction.  *United States v. Testan,* 424 U.S. 392, 399 (1975); *United States v. King,* 395 U.S. 1, 4 (1969).  The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491.  *Testan,* 424 U.S. at 397; *Aetna Cas. & Sur. Co. v. United States,* 655 F.2d 1047, 1051 (Ct. Cl. 1981).  In *United States v. Bormes*, 133 S. Ct. 12 (2012), however, the Court confirms that, when a statute imposing monetary liability against the United States contains its own self-executing remedial scheme, the Tucker Act does not apply.  Because the FLSA satisfies these criteria, this Court does not possess jurisdiction to entertain Mr. Smith's claims.

The United States Court of Claims was established pursuant to the Act of 1855 in order to provide a judicial forum for certain monetary claims against the United States for which there were no other avenues of judicial enforcement.  *See* Act of Feb. 24, 1855 (1855 Act), ch. 122, § 1, 10 Stat. 612 (1855).  It was created, in other words, to fill a gap.  It was not designed to replace or to provide an alternative to an avenue of judicial enforcement provided in another statute.

Like its predecessors (the Act of 1855 and its successors), the Tucker Act, 28 U.S.C. § 1491, establishes jurisdiction in this Court for actions against the United States for certain monetary claims not otherwise judicially enforceable.  The Tucker Act's jurisdictional grant, and accompanying immunity waiver, supplied the missing ingredient for an action against the United States for the breach of certain monetary obligations not otherwise judicially enforceable. *Bormes,* 133 S. Ct. at 18.  The Tucker Act does not replace or provide an alternative to a judicial remedy established in another statute.  When a law imposing monetary liability on the United States contains its own judicial remedies, the Tucker Act is inapplicable.  *Id*.

*Bormes* was a putative class action against the United States premised upon the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*.  *Bormes*, 133 S. Ct. at 15.  Plaintiff sued in the district court for damages under 15 U.S.C. § 1681n, and invoked the court's jurisdiction under the jurisdictional provision for FCRA actions, 15 U.S.C. § 1681p, as well as the Little Tucker Act, 28 U.S.C. § 1346(a)(2).  *Bormes*, 133 S. Ct. at 15.  The district court dismissed for failure to state a claim upon which relief could be granted, holding that the FCRA did not contain a waiver of sovereign immunity.  *Bormes v. United States*, 638 F. Supp. 2d 958, 961-62 (N.D. Ill. 2009).  The Little Tucker Act was not addressed.  *See id.*

Plaintiff appealed to the United States Court of Appeals for the Federal Circuit based upon that court's jurisdiction under 28 U.S.C. § 1295(a)(2) over appeals from cases in which jurisdiction was based in whole or in part upon the Little Tucker Act.  *Bormes*, 133 S. Ct. at 16. The Government requested to transfer the appeal to the Seventh Circuit, because the Little Tucker Act's jurisdictional grant did not apply to the case.  *Id*.  The court of appeals denied the transfer motion and vacated the district court's decision, holding that the Little Tucker Act provided the Government's consent to suit for violation of the FCRA.  *Id*.  The court of appeals reasoned that, because the FCRA could "'fairly be interpreted as mandating compensation by the Federal Government for the damage sustained,'" it fell within the waiver of sovereign immunity contained in the Little Tucker Act.  *Bormes v. United* States, 626 F.3d 574, 578 (Fed. Cir. 2010) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

The Supreme Court vacated the Federal Circuit's decision.  *Bormes*, 133 S. Ct. at 20. The Court reviewed the history and purpose of the Tucker Act and Little Tucker Act and concluded that the Tucker Act's jurisdictional grant and accompanying immunity waiver were enacted to supply the missing ingredient for an action against the United States for the breach of

certain monetary obligations not otherwise judicially enforceable. *Id*. at 17-18. The Court

further explained:

> The Tucker Act is displaced, however, when a law assertedly
> imposing monetary liability on the United States contains its own
> judicial remedies. In that event, the specific remedial scheme
> establishes the exclusive framework for the liability Congress
> created under the statute. Because a precisely drawn, detailed
> statute pre-empts more general remedies, FCRA's self-executing
> remedial scheme supersedes the gap-filling role of the Tucker Act.

*Id*. at 18 (internal quotation marks and citations omitted).

The Court then applied this principle to the case before it:

> FCRA creates a detailed remedial scheme. Its provisions set out a
> carefully circumscribed, time-limited, plaintiff-specific cause of
> action, and also precisely define the appropriate forum. It
> authorizes aggrieved consumers to hold 'any person' who willfully
> or negligently fails to comply with the Act's requirements liable
> for specified damages. Claims to enforce liability must be brought
> within a specified limitations period, § 1681p, and jurisdiction will
> lie in any appropriate United States district court, without regard to
> the amount in controversy, or in any other court of competent
> jurisdiction. Without resort to the Tucker Act, FCRA enables
> claimants to pursue in court the monetary relief contemplated by
> the statute.

*Id*. at 19 (internal quotation marks, brackets, and citations omitted).

This case involves claims based upon the FLSA, not the FCRA. Like the FCRA, the

FLSA establishes a detailed remedial scheme. Both the FCRA and the FLSA authorize liability

for specific monetary damages. The FCRA authorizes aggrieved consumers to hold "any person"

liable for specified damages. 15 U.S.C. § 1681n. Similarly, the FLSA provides for employees to

hold "[a]ny employer" liable for unpaid wages, minimum wage, or overtime wages due to the

employee. 29 U.S.C. § 216(b).

Both statutes limit the period during which a suit may be brought. The FCRA requires

that claims to enforce liability must be brought within two years of plaintiffs' discovery of the violation or five years of the date of the violation.  15 U.S.C. § 1681p.  The FLSA requires that claims to enforce liability must be brought within two years, except if the violation is willful, in which case the claim must be brought within three years.  29 U.S.C. § 255(a).  Both statutes also provide for the payment of attorney fees.  15 U.S.C. § 1681n(a)(3); 29 U.S.C. § 255(a).

Finally, both statutes explicitly authorize a judicial avenue of review.  The FCRA provides that suit may be brought in "in any appropriate United States district court . . . or in any other court of competent jurisdiction."  15 U.S.C. § 1681p.  The FLSA provides that suit may be brought "in any Federal or State court of competent jurisdiction."  29 U.S.C. § 216(b).

Thus, like the FCRA, the FLSA imposes monetary liability and also contains its own judicial remedies.  The reasoning in *Bormes* dictates, therefore, that there is no "gap" for the Tucker Act to fill and that the Tucker Act is unavailable as a source of jurisdiction for FLSA suits.

The Federal Circuit and other circuit courts of appeal have long permitted FLSA suits to be brought against the United States, primarily in this Court, pursuant to the Tucker Act.  *See Saraco v. United States*, 61 F.3d 863, 865-66 (Fed. Cir. 1995); *Parker v. King*, 935 F.2d 1174, 1177-78 (11th Cir. 1991); *Zumerling v. Devine*, 769 F.2d 745, 748-49 (Fed. Cir. 1985); *Graham v. Henegar*, 640 F.2d 732, 733-36 (5th Cir. 1981).  In *Zumerling*, the court explained:

> 29 U.S.C. § 216(b) authorizes Fair Labor Standards Act suits "in any Federal or state court of competent jurisdiction," but the words "of competent jurisdiction" tell us that the words do not stand alone but require one to look elsewhere to find out what court, if any, has jurisdiction.

*Zumerling*, 769 F.2d at 749; *see also Saraco,* 61 F.3d at 865.  Although the jurisdictional provision of the FLSA, unlike the FCRA, does not specifically name the district court or any

7

other particular court as the appropriate forum for suits, it nevertheless defines a "self-executing remedial scheme" that provides a complete remedy "[w]ithout resort to the Tucker Act." *Bormes*, 133 S. Ct. at 18-19.

The cause of action that the FLSA creates against employer defendants, both governmental and non-governmental, fits naturally within district courts' general Federal-question jurisdiction under 28 U.S.C. § 1331. The cause of action is, thus, fully available irrespective of the existence of the Tucker Act, and the Tucker Act is accordingly displaced. Because the Tucker Act is not available as a source of jurisdiction for Mr. Smith's complaint, this Court does not possess jurisdiction to entertain Mr. Smith's claims.

III.    Transfer

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ."  28 U.S.C. § 1631; *see Jan's Helicopter Serv. v. FAA,* 525 F.3d 1299, 1303 (Fed. Cir. 2008); *Rodriguez v. United States,* 862 F.2d 1558, 1559-60 (Fed. Cir. 1988). At the time it was filed, Mr. Smith's complaint could have been brought in the Waco Division of the United States District Court for the Western District of Texas. Accordingly, we respectfully request that the Court transfer Mr. Smith's complaint to that court.

CONCLUSION

For these reasons, we respectfully request the Court to determine that it does not possess jurisdiction to entertain Mr. Smith's complaint and to transfer it to the district court.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director


  /s/ Reginald T. Blades, Jr.   
REGINALD T. BLADES, JR.
Assistant Director

  /s/ Joshua A. Mandlebaum   
JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 305–3091
Fax:  (202) 514-8624


August 2, 2013                                       Attorneys for Defendant