IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROY SMITH,                )    | |
|                           )    | |
|     Plaintiff,            )    | |
|                           )    | |
|     v.                    )    No. 13-161C |
|                           )    (Judge Wolski) |
| THE UNITED STATES,        )    | |
|                           )    | |
|     Defendant.            )    | |

DEFENDANT'S MOTION TO STAY BRIEFING ON
"PLAINTIFF'S UNOPPOSED MOTION FOR CONDITIONAL CLASS CERTIFICATION
AND AUTHORIZATION TO MAIL NOTICE TO POTENTIAL CLASS MEMBERS"
UNTIL AFTER THE COURT RULES ON "DEFENDANT'S MOTION TO TRANSFER"

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court stay briefing on "Plaintiff's Unopposed Motion For Conditional Class Certification And Authorization To Mail Notice To Potential Class Members," filed August 9, 2013, until after the Court rules on "Defendant's Motion To Transfer," filed August 2, 2013.  Counsel for plaintiff, Roy Smith, has authorized us to state that Mr. Smith opposes this motion.

Our pending motion to transfer challenges the Court's jurisdiction to entertain Mr. Smith's claims.  Subject matter jurisdiction is an inflexible threshold matter that must be considered before proceeding to evaluate the merits of a case.  *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and

without exception.'") (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Thus, it would be improper for the Court to rule upon Mr. Smith's pending motion unless and until the Court determines that it possesses jurisdiction to do so.

Under these circumstances, continued briefing on Mr. Smith's pending motion would potentially be a waste of time and effort. Thus, a stay of briefing on this issue would be "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979). This Court has stayed briefing in similar situations. *See, e.g.*, *Taylor v. United States*, 49 Fed. Cl. 598, 601 (2001).

## CONCLUSION

For these reasons, we respectfully request the Court to stay further briefing on "Plaintiff's Unopposed Motion For Conditional Class Certification And Authorization To Mail Notice To Potential Class Members," filed August 9, 2013, until after the Court rules on "Defendant's Motion To Transfer," filed August 2, 2013.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director

 /s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

                                                                 /s/ Joshua A. Mandlebaum  
                                                                 JOSHUA A. MANDLEBAUM  
                                                                 Trial Attorney  
                                                                 Commercial Litigation Branch  
                                                                 Civil Division  
                                                                Department of Justice  
                                                                P.O. Box 480  
                                                                Ben Franklin Station  
                                                                Washington, D.C. 20044  
                                                                Tele: (202) 305–3091  
                                                                Fax:  (202) 514-8624

August 12, 2013                                    Attorneys for Defendant