IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-161C |
| ) | (Judge Wolski) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING ON CONDITIONAL CLASS CERTIFICATION UNTIL AFTER THE COURT RULES ON "DEFENDANT'S MOTION TO TRANSFER"**

Defendant, the United States, respectfully submits this reply to "Plaintiff's Opposition To Defendant's Motion To Stay" (P. Br.), filed by plaintiff, Roy Smith, on August 29, 2013.[1]

ARGUMENT

I.      Mr. Smith Relies Upon An Incorrect Legal Standard

Mr. Smith asserts that the Court cannot suspend briefing on one issue, pending resolution of a separate legal issue in this same case, unless the Court finds a "pressing need" to do so. P. Br. at 2. In Mr. Smith's view, the Court's discretion in managing litigation, to include simple scheduling matters, is limited by requirements to balance interests and find pressing needs. This view is incorrect. *See, e.g.*, Rules 1, 6(b), and 16 of the Rules of the United States Court of Federal Claims (RCFC).

The "pressing need" test that Mr. Smith relies upon is the standard for suspending all proceedings indefinitely. *See Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416

---

[1] We reply to only Mr. Smith's legal arguments regarding the appropriateness of suspending briefing on whether the Court should certify a collective action and authorize notice. We do not reply to Mr. Smith's gratuitous insulting remarks or his assertions that our original position regarding the appropriate scope of a collective action, as expressed in the joint preliminary status report, can never be changed.

(Fed. Cir. 1997). The Government is not seeking a suspension of this entire action for an indefinite period. Rather, we request to suspend briefing on one issue until after the Court rules upon our pending motion to transfer, which is based upon this Court's not possessing jurisdiction. The Court need only find "good cause" to grant our routine scheduling motion. RCFC 6(b). Briefing a separate issue while a motion to transfer is pending will result in wasted resources in the event that the Court grants our motion to transfer. Moreover, because our motion to transfer challenges the Court's jurisdiction to entertain Mr. Smith's complaint, the Court should refrain from considering other issues until the issue of its jurisdiction is resolved. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, good cause exists for our requested suspension.

II.     <u>Mr. Smith's Request To Toll The Statute Of Limitations Is Premature</u>

Mr. Smith requests, in the alternative, that the Court toll the statute of limitations for hypothetical plaintiffs who have not yet sought to join this action. P. Br. at 5. This request is premature. Even if the Court were to grant this request, it is not yet known to whom, if anyone, the Court's order would apply. Thus, the order Mr. Smith requests would be an advisory opinion. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating order tolling the statute of limitations for employees who had not yet filed claims); *see also Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.") (citations omitted). In the event that additional plaintiffs consent to

join this action, and raise claims that are potentially barred by the statute of limitations, the Court may consider equitable tolling at that time. *See Cook*, 795 F.2d at 994 n.5 ("Nothing here said would, of course, preclude the district court from considering those contentions if the question should arise of whether the statute of limitations should be tolled in respect of any future plaintiff or plaintiffs.").[2]

## CONCLUSION

For these reasons, we respectfully request the Court to suspend further briefing on "Plaintiff's Unopposed Motion For Conditional Class Certification And Authorization To Mail Notice To Potential Class Members," filed August 9, 2013, until after the Court rules on "Defendant's Motion To Transfer," filed August 2, 2013.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director

 /s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

---

[2] We do not concede that equitable tolling would be available later to any potential plaintiffs who join this action.

3

        /s/ Joshua A. Mandlebaum
JOSHUA A. MANDLEBAUM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 305–3091
Fax:  (202) 514-8624

September 6, 2013                              Attorneys for Defendant