IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

Defendant, the United States, respectfully requests that the Court enter the Protective Order attached to this motion as Exhibit A. Counsel for plaintiff, Roy Smith, has authorized us to state that Mr. Smith does not oppose the entry of the Protective Order attached as Exhibit A.

The United States anticipates that, in the course of this litigation, we may be ordered or requested to furnish to plaintiff's counsel a list of the names and home addresses of current and former employees of the Department of Veterans Affairs, Veterans Canteen Service. Home addresses of Federal employees are records covered by the Privacy Act, 5 U.S.C. § 552a. *See Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 494 (1994). We may also be requested to produce other covered records, such as pay and timekeeping records. Entry of the attached protective order is appropriate (1) to confirm that covered records may be produced pursuant to 5 U.S.C. § 552a(b)(11), (2) to clarify that the United States will not obtain prior consent of the individuals to whom the records pertain, and (3) to ensure that the records released by the United States to plaintiff's counsel pursuant to 5 U.S.C. § 552a(b)(11) will not be used or further released for any purpose other than this litigation.

The attached Protective Order will define confidential material and set forth processes for

identifying and protecting confidential material during this litigation, and for recovering confidential material that is inadvertently disclosed.

Finally, the attached Protective Order will provide that the inadvertent disclosure of privileged information shall not result in a waiver of applicable privileges.

For the foregoing reasons, the United States respectfully requests that the Court enter the Protective Order attached to this motion as Exhibit A.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | STUART F. DELERY<br>Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
|  |  s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL: |  s/ Joshua A. Mandlebaum |
| PAUL PETRABORG<br>Staff Attorney<br>Department of Veterans Affairs<br>St. Louis, Missouri | JOSHUA A. MANDLEBAUM<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tele: (202) 305–3091<br>Fax: (202) 514-8624 |
| August 7, 2014 | Attorneys for Defendant |

EXHIBIT A

THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-161C |
| | ) (Judge Wolski) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

<u>PROTECTIVE ORDER</u>

Discovery and other proceedings in this case may require the parties to disclose confidential material (as defined below) of the parties. Accordingly, it is hereby ORDERED BY THE COURT:

1. The term "confidential material" shall include (i) records falling within the scope of the Privacy Act, 5 U.S.C. § 552a; or (ii) information exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(2), (4), (5), and (6). Subject to the provisions of paragraph 10 below, material shall be deemed confidential material when so designated in the manner described in paragraph 2 below. After disclosure of any "confidential material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "confidential material."

2. The designation of confidential material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following or substantially similar language:

> PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

For any materials that a party can reasonably produce only in native electronic form (typically those materials that were generated in an electronic medium, were stored in an electronic medium when originally discovered in the files of the disclosing party, and constitute material that is not normally transmitted in printed form such as spreadsheets and data stored in electronic databases), the disclosing party may designate the electronic material as confidential material by affixing to a disc or other removable media device on which the electronic documents are being produced, or the cover to such disc or other removable media device, the protective order language identified previously in this paragraph or substantially similar language.

3. Each person receiving confidential material shall maintain the confidential material in his or her possession in a manner sufficient to protect the material against unauthorized disclosure.

4. Confidential material shall be used by the receiving party solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Subject to the provisions of paragraph 5 below, confidential material may be disclosed only to the following persons: (a) attorneys for the plaintiff in this action; (b) attorneys for the United States; (c) persons regularly employed in these attorneys' offices; (d) court officials involved in this action (including court reporters, deposition videographers, and any person appointed by the Court); (e) expert witnesses or consultants retained to assist counsel in the preparation of this case; (f) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary for their testimony and preparation to testify; and (g) persons retained by counsel to assist with service of process. Disclosure of confidential material to any of the persons identified in this paragraph must be reasonably and in good faith calculated to aid in this litigation.

5. Confidential material may be given, shown, made available, discussed, or otherwise conveyed to a plaintiff only if (1) the confidential material is in a format that includes no confidential material relating to any other current or former employee of the Veterans Canteen Service or the Department of Veterans Affairs who is not also a plaintiff in this case; and (2) if the confidential material relates to a different plaintiff in this case, that different plaintiff has signed the attached form authorizing the disclosure of his or her confidential information to the other plaintiffs in this action, and the plaintiff receiving the confidential material has signed the attached form agreeing to comply with the terms of this protective order.

6. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of confidential material consistent with this protective order, prevent or limit in any way the use of the documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7. That portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing confidential material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this case, and persons authorized by this protective order. In the event that any confidential material is used in any deposition or Court proceeding in this case, the parties shall attempt to further stipulate as to the procedures for use of confidential material in the proceedings. If necessary, any dispute regarding the procedures for use of confidential material in deposition or Court proceedings shall be submitted to the Court for resolution.

8. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

9. The production of information otherwise protected from disclosure by the Federal Rules of Evidence or by privileges recognized by the United States Court of Federal Claims that are applicable to this litigation, including, but not limited to, the attorney-client privilege and the attorney-work-product doctrine, shall not result in the waiver of any privilege, either with respect to the specific document produced or with respect to the subject matter of the document. If a party determines that it inadvertently produced privileged information, the producing party shall give notice in writing that the document is to be returned. The party receiving a request for the return of privileged information shall immediately return the identified document and all copies. With the consent of the producing party, the receiving party may destroy privileged material rather than return it. The receiving party must notify the producing party after privileged information has been returned or destroyed pursuant to a request by the producing party. If a party objects to claim of privilege, the objecting party shall make a good-faith effort to resolve the dispute with opposing counsel before involving the Court.

10. The production of a document containing confidential material, with or without the designation described above in paragraph 2, shall not result in the waiver of any applicable protection, either with respect to the specific document produced or with respect to the subject matter of the document. If a party determines that a previously produced document inadvertently was not identified as containing confidential material, the producing party shall give notice in writing that the document is to be treated as containing confidential material, and thereafter the designated document shall be treated as confidential material in accordance with this protective order.

11. Any party at any time may object to another party's designation of certain information as confidential. In the event a party objects to the designation of any material under this Order by another party or by a non-party, the objecting party shall (1) notify the disclosing/producing party or non-party, in writing, of the disagreement and explain the basis for the challenge to the confidentiality designation and (2) consult with the disclosing/producing party or non-party to attempt to resolve the differences. If no accord is reached as to the proper designation of the material, the objecting party may, on notice to the other parties and any pertinent non-party, file a motion requesting that the Court determine whether the material is confidential, explaining the basis for its challenge to the confidentiality designation. If a motion to the Court is made, the disclosing/producing party will have the burden to establish that the designation is proper. Until the Court resolves the matter, the disputed information must be treated as confidential.

12. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original confidential material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to all confidential material and, further, the parties shall certify to the Court that reasonable and prudent efforts have been undertaken; EXCEPT THAT plaintiffs' counsel, the Department of Justice, and the Department of Veterans Affairs may each maintain one copy of any confidential material in its file for this case, including one copy of any notes or summaries relating to the confidential material, provided that any copies of any confidential material or notes or summaries relating to the confidential material are clearly marked with the legend identified in paragraph 2 or a similar legend indicating that the materials are subject to this protective order. In addition, nothing in this protective order requires any party, its counsel, or anyone who has

become privy to any confidential material pursuant to paragraph 4 above, to delete or to destroy electronically-stored data that may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, or any electronically-stored data that would require unduly burdensome efforts to locate, identify, or destroy.

13. For information sought that is or may be covered by the Privacy Act, defendant, in order to comply with Court orders or in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to counsel for plaintiff records that are relevant to this action and that may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom the records pertain. Such disclosures shall be deemed authorized by law.

IT IS SO ORDERED.

_____
Victor J. Wolski
Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I have reviewed the Protective Order, dated **[insert date]**, issued by the Court in this case and I agree to comply fully with the terms of that Order.

I understand that confidential information protected by the Order includes records protected by the Privacy Act. The Privacy Act protects against the disclosure of "any item, collection, or group of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4).

I understand that, pursuant to paragraph 3 of the Order, I must maintain any confidential material in my possession in a manner sufficient to protect the material against unauthorized disclosure.

I understand that, pursuant to paragraph 12 of the Order, after the conclusion of this litigation, I may not keep any confidential material that I received during this litigation. I must help the parties return original confidential material to the disclosing party, destroy copies of confidential material, and destroy copies of notes, summaries, and references relating to confidential material.

_____
Signature

_____
Printed Name

_____
Date

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-161C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### AUTHORIZATION FOR PLAINTIFFS' COUNSEL TO DISCLOSE CONFIDENTIAL INFORMATION ABOUT ME TO OTHER PLAINTIFFS

I have reviewed the Protective Order, dated **[insert date]**, issued by the Court in this case and I agree to comply fully with the terms of that Order.

I understand that confidential information protected by the Order includes records protected by the Privacy Act. The Privacy Act protects against the disclosure of "any item, collection, or group of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4).

I understand that I am not obligated to authorize my counsel to disclose confidential information about me to other plaintiffs in this litigation. Please check one:

☐ I authorize my counsel to disclose confidential information about me to other plaintiffs in this litigation.

☐ I do not authorize my counsel to disclose confidential information about me to other plaintiffs in this litigation.

_____
Signature

_____
Printed Name

_____
Date