# In the United States Court of Federal Claims

No. 13-161C
(Filed August 11, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
ROY SMITH, on his own behalf     *
and for others similarly situated, *
                                 *
                Plaintiff,       *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

The matter before the Court is plaintiff's motion for conditional class certification and authorization to notify potential class members. For the reasons given below, plaintiff's motion is **DENIED-IN-PART**, as to conditional class certification, and **GRANTED-IN-PART**, as to authorization to notify potential additional plaintiffs. As explained more fully below, defendant is directed to provide contact information for a limited group of individuals in order to notify them of this action once the form of notice has been approved by the Court.

Mister Smith, a former employee of the Veterans Canteen Service (VCS) operated by the Department of Veterans Affairs (VA), filed a complaint seeking compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. The complaint consists essentially of the bare allegation that the VA misclassified plaintiff as exempt from the overtime provisions of the FLSA and thus wrongfully denied him pay for hours worked in excess of forty hours a week.

After initial discussions between parties' counsel in preparing their Joint Preliminary Status Report (JPSR), the government indicated it did not oppose conditional certification of a collective action to join additional consenting plaintiffs who worked as an "Assistant Chief (Trainee/Intern)" or "Assistant Canteen Chief (Intern)" (management intern) at any VCS restaurant and retail store within the

statute of limitations period, but reserved the right to move to decertify any joined plaintiffs if it identified a basis to do so. JPSR at 2; *see also* 29 U.S.C. § 216(b); *Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008) (describing conditional certification as step one of a judicially created two-step process commonly employed by courts for certifying collective actions under the FLSA). Within one month the government notified plaintiff's counsel that it had changed its position and would only agree to conditional certification of a class limited to management interns that worked at the VCS facility in Temple, Texas where Mr. Smith had been employed. *See* Def.'s Status Report at 1.

One week later, on August 9, 2013, apparently disregarding defendant's changed position regarding conditional certification, plaintiff filed what he called an "Unopposed Motion for Conditional Class Certification and Authorization to Mail Notice to Potential Class Members" (Pl.'s Mot.). Plaintiff argued primarily that the government's former non-opposition to conditional certification of a nationwide class provides sufficient basis to grant the motion. Briefing concerning this motion was stayed until the Court resolved the government's motion to transfer the case to a district court. *See* Order (Mar. 24, 2014).

Consistent with the position stated in its status report, defendant opposes conditional certification to the extent that it would include management trainees who did not work at the Temple, Texas VCS facility within the last three years. It also maintains that the substance of plaintiff's allegations is insufficient to meet even the lenient standard demanded at the first step of the judicially crafted two-step FLSA collective action certification procedure. *See Gayle*, 85 Fed. Cl. at 77. When pressed on his continued failure to support his conditional certification request with any evidence that there are similarly situated individuals, plaintiff persisted in relying on the government's former non-opposition as though it were an admission.

For collective actions brought under the FLSA, district courts have crafted a two-step conditional certification procedure in which the plaintiff may move to conditionally certify a class of similarly situated individuals and, after the opportunity for discovery, the government may then move to decertify the class or eliminate individuals who are not demonstrably similarly situated. *Gayle*, 85 Fed. Cl. at 77; *see* 29 U.S.C. § 216(b). At the first step, because there usually has been no opportunity for discovery, plaintiffs are merely required "to make a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Gayle*, 85 Fed. Cl. at 77 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Once discovery has concluded, if the defendant moves to decertify the class based on evidence that has been gathered during the discovery process, the plaintiff must "satisfy a more demanding criterion" to defeat the motion and proceed with the collective action. *Id.*

Although it has been employed in a handful of cases in our court, *see McClendon v. United States*, No. 12-81C, 2013 WL 285584, at *1 & n.4 (Fed. Cl. Jan. 24, 2013) (collecting and discussing cases), the undersigned is not persuaded that the judicially created two-step process is appropriate for our use. The two-step procedure seems to have arisen from the mismatch between the opt-out procedure of the normal Rule 23 class action and the opt-in procedure suggested by the text of the FLSA. *See Lusardi v. Xerox Corp.*, 99 F.R.D. 89, 92–93 (D.N.J. 1983) ("[I]n contrast to the 'opt out' class action provided by Rule 23, the FLSA describes an 'opt in' class action --- no one is a member of the class until written consent is given to the court."); 29 U.S.C. § 216(b) (requiring consent in writing to be filed with the court in order to join a FLSA collective action). The Rules of the U.S. Court of Federal Claims (RCFC), however, allow exclusively for opt-in class actions, creating no substantive conflict with the FLSA. *See Delpin Aponte v. United States*, 83 Fed. Cl. 80, 92 & n.27 (2008). There appears to be no reason why RCFC 23 may not be used to advance FLSA claims. *Id.*

Even if the Court were to use the two-step process, plaintiff has thus far failed even under its low standard to demonstrate the existence of "similarly situated" individuals. 29 U.S.C. § 216(b).[1] Given the skeletal nature of the complaint, the Court cannot find sufficient allegations to allow this determination. And even if other management interns have been classified exempt, as plaintiff alleges, this is not enough to demonstrate that these individuals are similarly situated for purposes of the FLSA --- there still must be some substantial allegations, supported by evidence, that the classification was due to a common decision, policy, or plan. *See, e.g., Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 927 (D. Ariz. 2010) ("[T]he mere classification of a group of employees --- even a large or nationwide group --- as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes.").[2]

---

[1] The Court is not persuaded by plaintiff's argument that defendant's earlier non-opposition to conditional certification operates as an admission that there are similarly situated individuals, or that the supposed "agreement" not to oppose conditional certification could have bound defendant.

[2] The fact that a defendant ultimately bears the burden of proving that employees are properly classified as exempt, *see Walling v. Gen. Indus. Co.*, 330 U.S. 545, 547–48 (1947), does not help a plaintiff seeking to certify a collective action at the preliminary stages of litigation. The plaintiff is still required to "show he is similarly situated *to the employees he proposes to include in the collective action* with respect to his claim that he [was misclassified]." *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 801 (S.D.N.Y. 2012).

Although the government does not oppose conditional certification of a limited class in this action, the Court declines to certify one at this time --- due to the lack of support for conditional certification in our rules, and the likelihood that such a small number of potential plaintiffs could easily be joined under RCFC 20. But the Court would approve, however, of plaintiff obtaining the names and addresses of employees who worked (within the relevant time frame) as management interns at the Temple, Texas VCS facility, so that he could gauge their interest in joining this action. *See McClendon*, 2013 WL 285584, at *2.

Regarding the form of the notice to be sent to potential additional plaintiffs, the Court finds that it should be modified in light of the denial of plaintiff's motion for conditional certification. Moreover, the Court is inclined to agree with plaintiff's approach regarding references to the use of other attorneys, *see* Pl.'s Reply at 9 & A7, and with defendant's concern that potential plaintiffs should be informed of the possibility of costs being imposed on them if the suit is unsuccessful, *see* 28 U.S.C. § 2412(a); *id.* § 1920 (listing taxable costs). The notice may also indicate that such costs may be handled through a fee arrangement between the joining party and the party's counsel.

As explained above, plaintiff's motion is **DENIED-IN-PART** as to conditional class certification and **GRANTED-IN-PART** as to authorization to notify potential additional plaintiffs. The parties' counsel shall confer and submit a joint status report on or by **Tuesday, September 2, 2014**, proposing a schedule for further proceedings in this matter. That document should also include, for the Court's review and approval, the revised draft of the notice to be sent to potential plaintiffs from the Temple, Texas VCS facility.

**IT IS SO ORDERED.**

s/ Victor J. Wolski  
**VICTOR J. WOLSKI**  
Judge