# In the United States Court of Federal Claims

No. 13-161C
(Filed September 17, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
ROY SMITH, on his own behalf                *
and for others similarly situated,          *
                                            *
            Plaintiff,                      *
                                            *
      v.                                    *
                                            *
THE UNITED STATES,                          *
                                            *
            Defendant.                      *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

Before the Court is defendant's motion to stay the parties' obligation to submit a joint status report (JSR) until after the Court rules on defendant's pending motions for a protective order and for partial dismissal. For the reasons given below, defendant's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The Court's August 11, 2014 order denying-in-part and granting-in-part plaintiff's motion for conditional class certification and authorization to notify potential additional plaintiffs directed the parties to submit a JSR on or by September 2, 2014. Defendant seeks a stay of this obligation until two weeks after the Court rules on defendant's pending motion for a protective order and partial motion to dismiss. Def.'s Mot. to Stay JSR at 1–2. Defendant's motion for a protective order seeks to suspend the government's obligation to respond to the first set of discovery requests served by plaintiff to the extent they relate to putative class members who were employed at Veterans Canteen Service (VCS) facilities nationwide. Defendant's partial motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rules12(c) and 12(h)(2)(B) of the Rules of the United States Court of Federal Claims, seeks to eliminate plaintiff's collective

action claims as well as plaintiff's claims that defendant acted willfully under the Fair Labor Standards Act (FLSA).[1]

Defendant argues that a stay would be prudent given that any schedule that the parties may agree upon in a JSR could be rendered obsolete based on the Court's resolution of defendant's pending motions. *Id.* at 2. Plaintiff filed a response to defendant's motion, arguing that such a stay was unnecessary and urging the Court to require a JSR based on the timeline laid out in the Court's August 11, 2014 order.[2]

As plaintiff pointed out in his response to defendant's motion, the mere filing of a motion does not necessarily require a stay of pending proceedings. Pl.'s Opp'n to Def.'s Mot. to Stay JSR at 3–5. In this situation, however, the Court agrees with defendant that any proposed schedule would be premature and tentative in light of the pendency of defendant's two motions, the resolution of which would necessarily affect and shape future proceedings. Thus, to the extent the JSR was to contain such a proposal, this obligation is postponed until two weeks after the Court disposes of the pending motions.

On the other hand, the pending motions do not affect the other portion of the JSR required by the August 11, 2014 order. Accordingly, the parties shall file a JSR **on or by Wednesday, September 24, 2014**, containing, for the Court's review and approval, the revised draft of the notice to be sent to potential plaintiffs from the Temple, Texas VCS facility.

In the process of reviewing the government's motion for a protective order, the Court notes that defendant has raised no objection to complying with document request numbers three through six. *See* Def.'s Mot. for Protective Order, ECF No. 29, at 1 n.1. If defendant has not already done so, the documents responsive to these requests shall be produced **on or by Wednesday, September 24, 2014**. Moreover, it appears to the Court that the grounds advanced in defendant's motion would not apply to document request number seven and interrogatory number three, which concern the factual basis for a position taken by the government in this proceeding. Defendant shall respond to those two requests **on or by Wednesday, September 24, 2014**.

---

[1] Under the FLSA, the statute of limitations for a willful violation is three years, whereas the statute of limitations for a non-willful violation is two years. *See* 29 U.S.C. § 255(a).

[2] The Court recognizes that the original deadline for submission of a JSR, September 2, 2014, has passed, resulting in a de facto suspension of over two weeks already.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge