# In the United States Court of Federal Claims

No. 13-161C
(Filed March 17, 2015)

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
                                          *
ROY SMITH, on his own behalf              *
and for others similarly situated,        *
                                          *
              Plaintiff,                  *
                                          *
       v.                                 *
                                          *
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

Fair Labor Standards Act, 29 U.S.C. §§ 201–219; motion to dismiss, RCFC 12(h)(2)(B); motion for leave to file amended complaint, RCFC 15(a); leave freely given; futility not shown; adequacy of class allegations; effect of amended pleading on pending motions.

*C. Ryan Morgan*, Morgan & Morgan, P.A., Orlando, Florida, with whom was *Richard J. Burch*, Bruckner Burch PLLC, Houston, Texas, for plaintiff.

*Joshua A. Mandlebaum*, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

    In this case seeking overtime pay and damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, the government has moved to dismiss class action and willfulness claims, and plaintiff has responded by filing a motion for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Rules of the United States Court of Federal Claims (RCFC). The government opposes the amended pleading on the ground of futility. For the reasons set forth below, plaintiff's motion is **GRANTED** and his proposed First Amended Complaint is accordingly filed, and defendant's motion to dismiss portions of the original complaint is **DENIED** as moot.

## I. BACKGROUND

Roy Smith, a former General Manager in Training at the Veterans Canteen Service (VCS) in Temple, Texas, filed a complaint "on behalf of himself and all those similarly situated to him" on March 4, 2013, alleging violation of the FLSA. Compl. ¶¶ 1–2. On August 9, 2013, Mr. Smith moved to conditionally certify a nationwide class of current and former VCS Interns.[1] On August 11, 2014, the Court granted-in-part and denied-in-part plaintiff's motion, authorizing plaintiff to notify similarly situated employees at the Temple, Texas VCS facility, but denying plaintiff's motion for conditional class certification. *See Smith v. United States*, No. 13-161C, 2014 WL 3940494 (Fed. Cl. Aug. 11, 2014). In the order, the Court held that the judicially-created two-step conditional certification process employed by district courts in FLSA collective action cases was unnecessary in the Court of Federal Claims because under RCFC 23 an opt-in class action procedure is used. *Id.* at *2. Even if the two-step process were applicable, however, the Court held that plaintiff's original complaint had not sufficiently demonstrated the existence of "similarly situated" individuals at VCS locations nationwide, and therefore denied class certification. *Id.* at *2–3.

After the issuance of this order, defendant moved to dismiss plaintiff's class action and willfulness claims for failure to state a claim upon which relief can be granted under RCFC 12(c) and RCFC 12(h)(2)(B). *See* Def.'s Mot. for Partial Dismissal (Def.'s Mot. to Dismiss). While plaintiff's original complaint was somewhat sparse in terms of the details it provided, it did allege that "[p]laintiff, and those similarly situated to him regularly worked more than forty (40) hours per week"; that defendant had "failed and/or refused" to pay plaintiff, and those similarly situated, overtime compensation for excess hours; and that defendant had acted willfully in its refusal to pay plaintiff and those similarly situated at overtime rates. Compl. at 2–3.

Defendant argues in its motion to dismiss that Mr. Smith had failed to explain why other VCS Interns from around the country were "similarly situated," thereby failing to satisfy the RCFC 8(a) requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Def.'s Mot. to Dismiss at 2–4. The government further asserts that plaintiff had failed to allege any of the required elements for a class action under RCFC 23, such as numerosity, commonality, typicality, adequacy of representation, and superiority of a class action in resolving the case. *Id.* at 5. Finally, defendant argues that plaintiff's willfulness claim should also be dismissed because the original complaint failed to provide sufficient evidence that the government acted "willfully." *Id.* at 6.

---

[1] In his discovery request, plaintiff defined "class members" as "all salaried Assistant Chiefs (Trainees/Interns) and Assistant Canteen Chiefs (Interns) employed by Defendant at a Veterans Canteen Service . . . during the Relevant Period." Def.'s Mot. for Prot. Order, App. at A9.

Plaintiff filed a response to defendant's partial motion to dismiss, arguing that this was not the proper stage in the proceedings for deciding the legal sufficiency of the class claims --- which he contends should be "addressed when the plaintiffs move for conditional certification." Pl.'s Resp. to Def.'s Mot. to Dismiss (Pl.'s Opp'n) at 3 (quoting *Hoffman v. Cemex, Inc.*, No. H–09–3144, 2009 WL 4825224, at *4 (S.D. Tex. Dec. 8, 2009).[2]  In its reply, defendant noted that plaintiff had already sought class certification, which was denied by the Court.  Def.'s Reply to Pl.'s Opp'n at 1–2.

On the same day that plaintiff filed his response to defendant's motion to dismiss, he also filed a motion for leave to amend the complaint.  *See* Mot. for Leave to Am. Compl. (Pl.'s Mot. to Am.).  In his motion to amend, Mr. Smith indicated that the proposed First Amended Complaint was meant to "provide the details Defendant now claims are lacking [from the original complaint]." *Id*. at 2. plaintiff's proposed First Amended Complaint includes additional factual assertions not included in the original complaint, such as allegations that plaintiff "typically worked at least 50 hours a week," Pl.'s Mot. to Am., Ex. A ¶ 3; that defendant "uniformly classifies its management trainees as exempt from the FLSA's overtime provisions," *id*. ¶ 19; that defendant has a "policy" of treating all its management trainees as exempt from FLSA's overtime requirements, *id*. ¶ 57; that defendant utilizes a "Canteen Management Trainee program" that is "designed to be implemented in the same manner across all CVS locations," *id*. ¶ 59; and that "on information and belief" defendant "did not limit management trainees to working 40 (or fewer) hours" per week during the relevant time period, *id*. ¶¶ 49–53. Plaintiff argues that there are "no convincing reasons" for denying his proposed amended complaint since discovery has only begun; no scheduling order has been entered and thus no deadlines will need to be moved; the scope of the action will not be changed; plaintiff did not "repeatedly fail" to correct his pleadings; and the amendment is not futile.  Pl.'s Mot. to Am. at 2.

In response, defendant argues that Mr. Smith's proposed First Amended Complaint would be futile with respect to plaintiff's class allegations because the amended complaint still fails to state a claim upon which relief can be granted. Def.'s Resp. to Pl.'s Mot. to Am. (Def.'s Opp'n) at 2.  Because some of plaintiff's class allegations in the proposed First Amended Complaint are based "on information and belief," defendant argues that this "detracts from their plausibility." *Id*. at 3.

---

[2] In his response, plaintiff also argues that his willfulness claim should survive a motion to dismiss because willfulness under the FLSA is an affirmative defense involving the statute of limitations and therefore "not appropriately resolved via a motion to dismiss," and because mental states, once alleged, cannot be resolved via a motion to dismiss.  Pl.'s Opp'n at 5–7.

According to defendant, plaintiff had failed to "provide enough factual information about the hours worked to raise the right to relief above the speculative level." *Id.*

Plaintiff's reply focuses on the liberal pleading standards set forth in our rules, while also criticizing defendant for "simply ignor[ing] all but four paragraphs of the proposed amended complaint." Pl.'s Reply to Def.'s Opp'n. (Pl.'s Reply) at 1. Taken as a whole, plaintiff argues that his proposed First Amended Complaint provides additional support for his claims that other management trainees at VCS facilities nationwide worked more than forty hours a week. *Id.* at 2. Also, plaintiff argues that courts do not require plaintiffs to plead facts "to support the propriety of a collective action" at the motion to dismiss stage, but rather defer this until plaintiffs move for conditional certification. *Id.* at 3. In sum, plaintiff contends that his proposed amendments are not futile and should be allowed. *Id.* 3–4.

## II.  DISCUSSION

### A.  Legal Standard

Rule 15 allows parties to amend or supplement pleadings before trial as follows:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleadings once as a matter of course within:
>    **(A)** 21 days after service of the pleading; or
>    **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion . . . .
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

RCFC 15(a). As this Court has noted previously, our rules are modeled after the Federal Rules of Civil Procedure,[3] which "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." *Delpin Aponte v. United States*, 83 Fed. Cl. 80, 89 (2008) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Although leave to amend shall be freely given "when justice

---

[3] As our court described an earlier version of the rule, "RCFC 15(a) is identical to Federal Rule of Civil Procedure 15(a) and case law construing the latter may be used to interpret the former." *Principal Life Ins. Co. v. United States*, 75 Fed. Cl. 32, 33 n.1 (2007). The two rules remain virtually identical to this day.

so requires," RCFC 15(a)(2), futility of amendment will justify a court's refusal to allow amendment, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Many circuits treat the futility inquiry as employing a standard analogous to the one used for a motion to dismiss, under which a futile complaint is one that has failed to state a claim upon which relief can be granted. *See, e.g.*, *Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) ("Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim."); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted."). The Federal Circuit has also stated that a party seeking leave to file an amended pleading "must demonstrate that its pleading states a claim on which relief could be granted." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).[4]  Some decisions of our court have suggested that a combination of a Rule 12(b)(1) and a frivolousness standard is more appropriate for determining futility. *See St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994) (holding that a proposed amendment is futile when a court finds that it is "facially meritless and frivolous"); *Centech Grp., Inc. v. United States*, 78 Fed. Cl. 658, 661 (2007) (describing futility as requiring a proposed amendment to be outside a court's jurisdiction "or so wholly and patently lacking in merit that it cannot possibly succeed"); *Delpin Aponte*, 83 Fed. Cl. at 91 (citing *St. Paul Fire & Marine* and *Centech Group*).  As will be seen below, the proposed amended pleading satisfies the more exacting 12(b)(6) standard, obviating the need to choose between the two approaches.

**B. Defendant's Futility Argument**

Opposing the motion to amend, defendant argues that plaintiff's additional class allegations in the proposed First Amended Complaint are futile because they

---

[4]  The Court notes that *Kemin Foods* involved a patent dispute heard by the Federal Circuit, and thus regional circuit law --- in that case, from the Eighth Circuit, *see Kemin Foods*, 464 F.3d at 1355 (citing *Norbeck v. Davenport Cmty. Sch. Dist.*, 545 F.2d 63, 70 (8th Cir. 1976)) --- was used to determine the futility standard since it was not a patent issue. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999), *overruled on other grounds by TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 28–29 (2001); *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390 n.2 (Fed. Cir. 1996).  Such Federal Circuit rulings are not considered binding on our court.  *See Savantage Fin. Servs., Inc. v. United States*, 119 Fed. Cl. 246, 252 n.3 (2014).  Because *Kemin Foods* concerned a motion to amend a pleading after a trial, the Federal Circuit also considered whether evidence sufficient to withstand summary judgment was identified.  *Kemin Foods*, 464 F.3d at 1355.  This part of the standard has no relevance to the motion under review.

are not sufficient to survive a motion to dismiss for failure to state a claim. Def.'s Opp'n at 2–3. Defendant points out that some of the allegations in plaintiff's proposed complaint concerning hours worked by proposed class members are based "on information and belief," which defendant argues detracts from their plausibility and requires more information in order to "raise the right to relief above the speculative level." *Id*. To support this point, defendant cites to a series of cases in which courts found wanting complaints that relied heavily on "information and belief" and conclusory allegations. *Id*. As plaintiff notes, however, defendant overlooks the rest of plaintiff's allegations, which are not prefaced with the phrase "on information and belief" but rather point to VCS policies and guidance regarding the classification of management trainees nationwide, from which one may infer that such trainees are similarly affected. *See* Pl.'s Mot. to Am., Ex. A. ¶¶ 19, 34, 57–61, 67. In addition to alleging a personal work schedule of over fifty hours a week, *id*. ¶¶ 9, 48, plaintiff provides a reasonable basis for believing that management trainees are treated the same across VCS locations, *id*. ¶¶ 39, 62–65 (alleging similar job duties, work hours, and training procedures for all VCS management trainees). Therefore, defendant's argument that plaintiff's motion to amend should be denied because six paragraphs in the complaint are prefaced with the phrase "on information and belief" is unpersuasive.

Defendant's response also cites to several FLSA cases concerning the level of detail required at the pleading stage. For example, defendant relies on *Nakahata v. New York-Presbyterian Health Care Sys., Inc.*, in which the Second Circuit upheld a district court ruling that the plaintiffs had failed to plead sufficient facts to make their FLSA overtime claims plausible. *See* Def.'s Opp'n at 2–3 (citing *Nakahata v. N.Y.-Presbyterian Health Care Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). In particular, defendant quotes the circuit court's language that "[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id*. In *Nakahata*, however, the plaintiffs had "merely alleged that they were not paid for overtime hours worked." *Nakahata*, 723 F.3d at 200–01. They also failed to include details regarding whether they were scheduled to work forty hours or more in a given week and they did not even specify what positions they held nor the specific dates of their employment. *Id*. In comparison, plaintiff in the present case *did* include details in his proposed amended complaint regarding his position, dates of employment, and allegations that he regularly worked fifty hours a week --- as well as alleging the existence of policies and guidance that may apply to management trainees in VCS facilities across the country. Plaintiff's factual allegations are far more substantive and robust than those of the *Nakahata* plaintiffs, making the comparison inapt.

Additionally, defendant cites to the First Circuit case *Pruell v. Caritas Christi*, which involved FLSA overtime claims and held that the phrase "regularly worked hours over 40 in a week and were not compensated for such time" in the

complaint was "one of those borderline phrases" in terms of whether the complaint could survive a motion to dismiss. *See* Def.'s Opp'n at 3 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)). Again, however, the complaint in *Pruell* was far sparser than that supplied by plaintiff in the present case. In *Pruell*, the amended complaint did "not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times." *Pruell*, 678 F.3d at 14. Such details *are* provided in plaintiff's proposed First Amended Complaint in this case, including specific allegations that plaintiff usually worked fifty hours in a week as well as allegations of VCS policies that supply the basis for plaintiff's belief that other management trainees are treated similarly.

Overall, contrary to defendant's assertion, plaintiff's proposed amended complaint includes sufficient factual allegations to raise the right of relief above the speculative level.[5] The level of detail included in plaintiff's proposed First Amended Complaint is sufficient to "state[] a claim on which relief could be granted." *Kemin Foods*, 464 F.3d at 1354–55. Because the proposed amendment could survive a motion to dismiss, it is not futile and the amendment will be allowed.

## C. Pending Motion to Dismiss the Original Complaint

As discussed above, before plaintiff moved to amend the complaint, defendant had filed a motion to dismiss the original complaint. *See* Def.'s Mot. to Dismiss. When an amended complaint is filed, "the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). In such a situation, "motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint." *Thompson v. Pallito*, 949 F. Supp. 2d 558, 582 (D. Vt. 2013); *see also Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 103 (D.D.C. 2006) ("Where a party amends its complaint, a pending motion to dismiss the original complaint is ordinarily denied without prejudice so that the movant can re-file the motion based on the amended pleading."). In this situation, the Court's allowance of the proposed First Amended Complaint renders defendant's pending motion to dismiss the original complaint moot.

---

[5] In its motion to dismiss the original complaint, defendant argued that plaintiff had not met the RCFC 23 pleading requirements for a class action lawsuit. Def.'s Mot. to Dismiss at 5. In its response to plaintiff's motion to amend, however, defendant did not renew this objection --- for good reason, as plaintiff has specifically pled these elements in his proposed amended complaint. *See* Pl.'s Mot. to Am., Ex. A. ¶¶ 20, 56–65, 70–74.

## III.  CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file an amended complaint pursuant to RCFC 15(a)(2) is **GRANTED**, and the Clerk shall file plaintiff's proposed First Amended Complaint.  The government shall file its response to the amended complaint on or by **March 31, 2015**.  Defendant's motion to dismiss the original complaint is **MOOT** and therefore **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge
